**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| BRETT MICHAELS CHILTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-CV-00065-SNLJ |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is the motion of Brett Michaels Chilton, a prisoner, for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided therein, and has determined to grant the motion and assess an initial partial filing fee of $8.46. The Court has also reviewed the complaint, and will dismiss it without further proceedings. The Court will also deny as moot Plaintiff's motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not provide a certified inmate account statement, but in the motion, he avers his account balance is $42.29. Therefore, the Court assesses an initial partial filing fee of $8.46, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### Plaintiff's Pending Criminal Case

Plaintiff is a federal pretrial detainee housed at the Ste. Genevieve Detention Center. On April 4, 2023, he was charged with being a felon in possession of a firearm. *See United States v. Chilton*, No. 1:23-cr-00052-RWS-ACL-1 (E.D. Mo. filed Apr. 4, 2023). An evidentiary hearing was held on March 6, 2024, and Plaintiff's post-hearing brief is due on June 10, 2024. *See id.* at Doc. 65.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the United States of America.  He claims his criminal indictment violates 18 U.S.C. § 922(g)(1) and the Second Amendment, and exceeds Congressional authority.  He offers argument concerning the charges he faces, and he references state family court proceedings and states he faces termination of his parental rights.  He seeks injunctive and declaratory relief in his pending federal criminal case, and in state family court matters.  He makes no attempt to assert a claim under the Federal Tort Claims Act.  As Plaintiff indicates in the complaint, this case is one of several he has filed to assert the same or similar claims.

## Discussion

Generally, sovereign immunity prevents "the United States [from being] sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020) (quoting *Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 671 (8th Cir. 2008)).  To sue the United States, a plaintiff must show, inter alia, a waiver of sovereign immunity. *See VS Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such waiver must be "unequivocally expressed" and "cannot be implied." *United States v. King*, 395 U.S. 1, 4 (1969).

Here, Plaintiff has not shown an unequivocally expressed waiver of sovereign immunity for his claims against the United States of America. *See West v. Atkins*, 487 U.S. 42, 28 (1988) (§ 1983 provides for relief against state actors, not the United States of America).   Therefore, the

3

Court concludes this suit is barred by the doctrine of sovereign immunity, and will dismiss it without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $8.46.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of June, 2024.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE